

3000179SS

FILED-USDC-NDTX-DA
'25 MAY 28 AM 11:13

km

## PLAINTIFF'S VERIFIED COMPLAINT AND JURY DEMAND
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Mark Logsdon, Plaintiff,
v.

**3-25CV1324-K**

Michael T Sterlacci, Heidi Sterlacci, Samantha Sterlacci, Christopher Sterlacci, John Sutter, William Bracken, Rhonda Cox, Garrett Cooper, CoVerica Agency Alliance, LLC, CoVerica Cares, Inc., Defendants.

### NOTE ON RELATED ARBITRATION AND SIMULTANEOUS STATE ACTION

Plaintiff has filed a separate Petition to Vacate an arbitration award in Dallas County District Court (AAA Case No. 01-24-0002-4821), based on arbitrator misconduct and partiality. The award does not preclude the claims presented herein, which involve separate parties, factual issues, and causes of action including whistleblower retaliation, charitable fraud, and civil RICO violations. Plaintiff incorporates this information to preserve his rights and to avoid any implication of waiver or preclusion.

Plaintiff notifies the Court that a separate civil petition has been filed in Dallas County, Texas, asserting state-law claims based on related factual circumstances. As of the date of this filing, that state action has not yet been assigned to a district court, docket number, or judge. The state petition advances causes of action grounded exclusively in Texas law, including claims for fraud, conspiracy, and reputational harm. In contrast, this federal complaint asserts claims solely arising under federal law — including civil RICO under 18 U.S.C. § 1962, whistleblower retaliation under 15 U.S.C. § 78u–6(h) and 26 U.S.C. § 7623(d), and predicate acts under 18 U.S.C. §§ 1341 and 1343. This federal action is distinct, asserts separate legal theories, and is not barred by the parallel state filing.

For purposes of this Complaint, Defendants include not only the individuals named above, but also a network of associated and interrelated entities that operated in concert or served as alter egos, conduits, or shells for fraudulent conduct. These entities include, but are not limited to:

- CoVerica Agency Alliance, LLC
- CoVerica Cares, Inc.
- Lotus Insurance Inc.
- Karis Enterprises LLC
- KFL-1 and KFL-2
- Ansel Solutions LLC
- SIG Financial Services, LLC

- Sterlacci Insurance Group, Inc.
- Sovereign Select Inc.
- SST Marketing, LLC
- Pumpkin Pants LLC
- Signature Insurance Group, LLC
- CoVerica Inc. (referenced as an alter ego but not named as a direct defendant)

Plaintiff alleges that these entities were used by the individual Defendants, particularly Michael and Heidi Sterlacci, to funnel funds, obscure ownership, and continue a coordinated pattern of fraudulent conduct while maintaining the appearance of legitimacy and separation. These alter ego relationships are pled pursuant to Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986), and applicable federal RICO standards for enterprise structure.

## I. INTRODUCTION

This action is brought by Plaintiff Mark Logsdon against multiple individuals and business entities for civil RICO violations, mail and wire fraud, retaliation under whistleblower protection laws, fraud, unjust enrichment, and related torts stemming from the creation, promotion, and operation of a fraudulent charitable entity marketed as 'CoVerica Cares'.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 1961–1968 (civil RICO), and 26 U.S.C. § 7623(d) (IRS whistleblower retaliation). Venue is proper in the Northern District of Texas – Dallas Division under 28 U.S.C. § 1391.

## III. PARTIES

Plaintiff: Mark Logsdon, resident of Collin County, Texas. At 3505 Brees Street, Plano, TX 75075. Phone number; 682-478-9903

Defendants include the following individuals and entities alleged to be responsible for the fraudulent creation, promotion, and operation of 'CoVerica Cares':

Defendant Michael Thomas Sterlacci is an individual residing at 5326 Bent Tree Dr, Dallas, TX 75248.

Defendant Heidi Lynn Sterlacci is an individual residing at 5326 Bent Tree Dr, Dallas, TX 75248.

Defendant Samantha Anne Sterlacci is an individual residing at 5326 Bent Tree Dr, Dallas, TX 75248.

Defendant Christopher Michael Sterlacci is an individual residing at 6026 Glen Heather Dr, Dallas, TX 75252.

Defendant Rhonda Charles Cox is an individual residing at 5529 Mountain Valley Dr, The

Colony, TX 75056.

Defendant William Anthony Bracken is an individual residing at 812 Walden Ct, Allen, TX 75002.

Defendant John Gerard Sutter is an individual residing at 2304 Watermill Ct, Carrollton, TX 75006.

Defendant Garrett Cooper is an individual residing at 1007 Macon Ave, Pittsburgh, PA 15218.

Defendant CoVerica Agency Alliance, LLC is a Texas limited liability company with its principal office located at 5999 Summerside Dr, Ste 110, Dallas, TX 75252. It may be served through its registered agent at that address.

Defendant CoVerica Cares Inc is a Texas nonprofit corporation with its principal office located at 5999 Summerside Dr, Ste 200, Dallas, TX 75252. It may be served through its registered agent at that address.

## IV. FACTUAL BACKGROUND

Beginning in or around 2018, Plaintiff Mark Logsdon, while employed by CoVerica Inc., was introduced to and involved in a charitable initiative known as "CoVerica Cares." Defendants Michael Sterlacci, John Sutter, William Bracken, and Rhonda Cox described this initiative as a philanthropic project spearheaded by Michael and Heidi Sterlacci to give back to the community and engage CoVerica Inc and CoVerica Agency Alliance employees, as well as the roughly 100 franchise/members of the CoVerica Agency Alliance network. Defendants promoted "CoVerica Cares" as a legally formed donor-advised fund affiliated with the Community Foundations of Texas (CFT), eligible for donor matching on North Texas Giving Day and other public fundraising benefits.

They represented that funds raised throughout the year would be held in the CFT account and distributed to three charities selected annually by employees of CoVerica Inc. and CoVerica Agency Alliance, LLC. Donors were assured the contributions were tax-deductible and handled according to nonprofit fundraising compliance.

Relying on these representations, Plaintiff actively participated in fundraising golf tournaments, car shows, and other events from 2018 through 2022. He contributed approximately $20,000 in personal funds, including bonuses donated through employee referral programs, and volunteered over 2,000 hours of executive-level time organizing, marketing, and managing "CoVerica Cares" events and donation campaigns. Plaintiff also leveraged his professional reputation and digital platform to promote donations across state lines—through emails, social media, and carrier partner relationships. Michael Sterlacci publicly acknowledged Plaintiff's involvement, including specific references to donations made through bonus referrals.

On or about December 6, 2022, after repeatedly requesting receipts for tax purposes, Plaintiff discovered that no donor-advised fund named "CoVerica Cares" existed in CFT's records or in the Texas Secretary of State's database. When confronted, Defendant Garrett Cooper dismissed Plaintiff's concerns. Just days later, "CoVerica Cares Inc." was abruptly formed and registered in Texas—nearly four years after the fundraising began. The named officers included Michael and Heidi Sterlacci, Rhonda Cox, John Sutter, and William Bracken.

Plaintiff realized that nearly all internal and external communications—including thousands of emails sent by himself and approximately 75 coworkers—had advertised and solicited donations for a non-existent charitable entity, across state lines, with no solicitor license. Further, after realizing the extent that all the donations solicited from the national and regional insurance carriers, clients, and the public, amounting to hundreds of thousands of dollars, created an urgency for the Plaintiff to resign from CoVerica Inc. on December 22, 2022.

Following his resignation, Plaintiff's health began to suffer due to the lack of transparency and stress of being caught up in anything illicit. Plaintiff made further efforts to obtain donation receipts and confirm the nonprofit's status. Community Foundations of Texas reported difficulty receiving any response from the Defendants. When Plaintiff contacted John Sutter, Heidi Sterlacci, and Rhonda Cox directly, he was referred to their attorney Paul Wright—who never responded. This pattern of evasion further prevented Plaintiff from verifying the nonprofit's legitimacy. Plaintiff went as far as to consult with a nonprofit attorney to review what he had gathered, who directed him to file with the Texas Attorney General as this was, "textbook charity fraud".

Plaintiff, concerned about potential fraud, submitted detailed complaints and supporting correspondence to the IRS Whistleblower Office, Texas Attorney General, Office of Inspector General, and Texas Department of Insurance. These reports were made in good faith and with a belief that public protection and compliance with state and federal law required such disclosure.

Defendants retaliated. In early 2023, CoVerica Inc.—an alter ego and instrumentality of the individual defendants—initiated arbitration against Plaintiff, citing reputational harm stemming from Plaintiff's protected disclosures. The arbitration focused heavily on Plaintiff's whistleblowing and included proposed settlement terms designed to suppress his ability to testify or report the misconduct. During discovery, Defendants demanded disclosure of Plaintiff's communications with regulatory bodies, going as far as filing a motion to compel, and attempted to retroactively disqualify his acknowledged contributions—including via a self-serving affidavit provided by Defendant John Sutter to the Texas Attorney General's office.

Defendants further represented during the arbitration that Rhonda Cox and Samantha Sterlacci were board members of the donor-advised fund. However, CFT did not publicly list any relationship to "CoVerica Cares" until May 2023—more than five years after Defendants began soliciting public donations.

Though "CoVerica Cares Inc." received retroactive nonprofit status in 2023, IRS Form 990 filings show glaring inconsistencies compared to the public advertising that was being promoted. In one year, approximately $100,000 was raised and advertised to have been donated to the charities, while only $20,000 was actually donated. The remainder was routed through self-dealing transactions, including "rent" payments to Michael Sterlacci for the use of his property as an event venue. Public references to the fund and events have since been removed, edited, or restricted behind password-protected pages. The website to CoVerica Cares Inc has been "under construction" since early 2023. Rhonda Cox later testified that Michael and Heidi Sterlacci had ended the partnership with CFT—a decision that came shortly after CoVerica Inc. was terminated as the insurance broker for CFT after the Plaintiffs whistleblowing.

These acts were not isolated. They were part of a broader coordinated enterprise involving both individual and entity defendants, including CoVerica Agency Alliance, LLC and CoVerica Cares Inc., to mislead the public, solicit funds fraudulently, and evade regulatory oversight. The fraudulent activity spanned multiple years and state lines, using email, websites, and donation platforms—supporting claims for wire fraud, mail fraud, civil conspiracy, whistleblower retaliation, and enterprise liability under RICO.

## V. CAUSES OF ACTION

### A. Civil RICO (18 U.S.C. § 1962(c))

Defendants formed and operated an enterprise composed of individuals and corporate entities with the purpose of soliciting charitable donations under false pretenses. Through repeated acts of mail and wire fraud—including emails, websites, social media, and sponsorship materials—Defendants misrepresented 'CoVerica Cares' as a legitimate donor-advised fund and 501c(3) tax deductible entity. This conduct occurred continuously from 2018 through 2023 and involved coordination among CoVerica Agency Alliance, CoVerica Cares Inc., and related entities. The enterprise caused direct injury to Plaintiff, who contributed funds, volunteered labor, and suffered reputational and economic harm as a result of reliance on these fraudulent schemes.

### B. False Advertising (15 U.S.C. § 1125(a))

Defendants published false and misleading representations in interstate commerce that CoVerica Cares was a donor-advised fund administered by Community Foundations of Texas. These misrepresentations were used to solicit donations from the public and Plaintiff, violating the Lanham Act's prohibition against false designation of origin and misleading advertising. Plaintiff and other contributors were harmed by reliance on these representations.

### C. Common Law Fraud and Misrepresentation

Defendants knowingly made material misrepresentations regarding the existence, legality, and tax-deductibility of CoVerica Cares. Plaintiff relied on these misrepresentations in making donations and promoting the cause, leading to financial and reputational damages. The false statements were made intentionally or with reckless disregard for the truth, and were reasonably relied upon by Plaintiff.

### D. Unjust Enrichment

Defendants received donations and the benefit of unpaid labor from Plaintiff and others, while misrepresenting the purpose and status of CoVerica Cares. Equity and good conscience require that Defendants be compelled to disgorge the benefits received as a result of this fraudulent conduct.

### E. Civil Conspiracy

Defendants conspired together to commit fraud and other tortious acts. Each agreed to a common scheme to market CoVerica Cares fraudulently and take retaliatory action against those who uncovered or reported the misconduct. Overt acts were taken in furtherance of

this conspiracy, including filing of arbitration, altering public records, and removing digital traces of fraud.

### F. Whistleblower Retaliation (26 U.S.C. § 7623(d))

Plaintiff reported suspected charitable fraud to the IRS and other agencies. In response, Defendants initiated arbitration under false pretenses and sought to impose confidentiality clauses and penalties to silence future testimony. Such retaliation is prohibited by federal whistleblower statutes. Plaintiff is entitled to relief under 26 U.S.C. § 7623(d). Plaintiff's disclosures to government regulators and law enforcement were made in good faith and constitute protected speech under the First Amendment of the United States Constitution. Defendants' efforts to retaliate, suppress, or penalize Plaintiff for those disclosures—including through arbitration and coercive settlement demands—violate his constitutionally protected rights and underscore the retaliatory motive at issue in this action.

### G. Declaratory Judgment (28 U.S.C. §§ 2201–2202)

Plaintiff seeks a declaration that CoVerica Cares was not a legitimate charitable entity at the time donations were solicited and that the representations made to Plaintiff and the public were materially false. Declaratory relief is appropriate to clarify rights and prevent further harm to future donors.

### H. PLAINTIFF'S STANDING AS WHISTLEBLOWER

Plaintiff qualifies as a whistleblower under 15 U.S.C. § 78u–6(a)(6) and 26 U.S.C. § 7623(b)(1), having provided original information to federal and state enforcement agencies—including the IRS, Texas Attorney General, Office of Inspector General, and Texas Department of Insurance—regarding suspected fraudulent conduct and tax-related violations by Defendants. These disclosures were made in good faith and through official reporting channels.

### I. PATTERN OF RACKETEERING ACTIVITY (RICO)

Defendants' conduct satisfies the continuity requirement for a pattern of racketeering activity under 18 U.S.C. § 1961(5) and as interpreted by H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989). The fraudulent representations and retaliatory acts occurred over a period of at least five years, involved multiple predicate acts (including mail and wire fraud), and continued into 2023. The conduct also demonstrates an open-ended pattern in that the enterprise presents a threat of continued criminal activity.

### J. PLEADING OF SCIENTER AND INTENT

Defendants knowingly and intentionally misrepresented the existence and legal status of "CoVerica Cares" to Plaintiff, donors, and the public. Their acts were willful and in reckless disregard of federal and state nonprofit compliance requirements. Defendants further acted with specific retaliatory intent after learning of Plaintiff's protected disclosures.

### K. NO PRECLUSION OR CLAIM-SPLITTING

This federal action is not precluded by the pending state court action, despite involving the same defendants, because it asserts distinct causes of action grounded exclusively in federal law. The legal theories asserted here—including civil RICO under 18 U.S.C. § 1962, whistleblower retaliation under 15 U.S.C. § 78u–6(h) and 26 U.S.C. § 7623(d), and predicate acts under 18 U.S.C. §§ 1341 and 1343—are not available under Texas law and are not duplicative of the state claims for fraud, civil conspiracy, and reputational harm. This action seeks federal statutory remedies including treble damages, whistleblower protections, and injunctive relief unavailable in state court. As such, this case does not constitute improper claim splitting and is not barred by principles of res judicata or collateral estoppel.

### L. ARBITRATION AWARD DOES NOT BAR CLAIMS

The AAA arbitration award—currently the subject of a pending Petition to Vacate in Dallas County District Court (Cause No. PENDING/ AAA Case No. 01-24-0002-4821)—did not address the RICO, whistleblower retaliation, or federal fraud claims asserted herein. That arbitration involved different parties and contractual employment claims. The validity of that award is itself in question, and it has no preclusive effect on the distinct issues before this Court.

### M. FEDERAL INTEREST AND POLICY CONSIDERATIONS

This matter implicates important federal interests in protecting the integrity of whistleblower programs and public trust in charitable fundraising across state lines. The misuse of tax-exempt status, donor platforms, and nonprofit claims to solicit contributions through fraudulent means presents significant policy concerns appropriately addressed by this Court.

### N. EQUITABLER TOLLING

To the extent any claim may be challenged as untimely, Plaintiff invokes the doctrine of equitable tolling. Defendants' prolonged concealment of material facts, use of corporate shell entities, and willful misrepresentation regarding the legitimacy of "CoVerica Cares" and its nonprofit status reasonably delayed Plaintiff's discovery of the full extent of the fraud and his resulting injuries. Equity and good conscience require tolling of any applicable limitations period to ensure justice is served.

## VI. LEGAL BASIS AND AUTHORITIES

This Complaint is grounded in well-established legal precedent under both federal and Texas law. The claims asserted herein are supported by the following authorities:

Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985):

The Supreme Court held that a civil RICO claim does not require a prior criminal conviction and that predicate acts such as mail and wire fraud are sufficient to establish a pattern of racketeering activity. This supports Plaintiff's civil RICO allegations under 18 U.S.C. § 1962(c) and (d).

H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989):

The Court clarified that a "pattern of racketeering activity" under RICO requires continuity and relationship among predicate acts. This decision reinforces Plaintiff's claim by demonstrating the long-term, repeated nature of Defendants' fraudulent fundraising and retaliatory conduct.

United States v. Turkette, 452 U.S. 576 (1981):

The Court affirmed that both legitimate and illegitimate enterprises may fall under RICO, and that an "enterprise" includes any union or group associated in fact. This validates Plaintiff's assertion that CoVerica Cares Inc., along with related alter ego entities, constitutes an enterprise under RICO.

Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986):

The Texas Supreme Court held that the corporate veil may be pierced when the corporate structure is used to perpetrate fraud or injustice. This case supports Plaintiff's veil-piercing and alter ego allegations against CoVerica Inc. and other affiliated entities.

Ashcroft v. Iqbal, 556 U.S. 662 (2009):

This decision established that a complaint must allege facts sufficient to state a claim that is plausible on its face, not merely speculative or conclusory. Plaintiff's detailed factual allegations meet this standard and survive dismissal under Rule 12(b)(6).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007):

The Court emphasized that factual allegations must be sufficient to raise a right to relief above the speculative level. Plaintiff's complaint exceeds this threshold by alleging specific conduct, dates, and injuries that plausibly give rise to the legal claims asserted.

## VII. DAMAGES

Plaintiff seeks the following categories of damages:

1. Economic Losses
   - Direct financial contributions: approximately $20,000
   - Value of unpaid labor (2,000+ hours at $350/hour): $700,000
   - Lost income, clients, and career disruption: $500,000+

2. Reputational Harm and Business Interference
   - Estimated reputational damage and client loss: $250,000+

3. Retaliation-Related Legal Costs and Fees
   - Defense and legal expenses incurred from retaliatory arbitration: $160,000+

4. Emotional Distress and Health-Related Impacts
  - Ongoing harm due to anxiety, insomnia, hypertension, and related conditions: To be determined at trial

5. Punitive and Exemplary Damages
  - For egregious fraud, abuse of trust, and deliberate retaliation

6. Statutory and Treble Damages
  - As permitted under 18 U.S.C. § 1964(c) (civil RICO)
  - As authorized under 26 U.S.C. § 7623(d) (IRS whistleblower retaliation)

Total damages sought exceed $1.5 million, subject to adjustment after discovery and trial.

Plaintiff reserves the right to amend these figures and categories of damages as further facts are developed during discovery or trial.

## VIII. PRAYER FOR RELIEF

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable, including but not limited to claims of fraud, civil conspiracy, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), and unlawful retaliation in violation of federal whistleblower protection statutes. These factual disputes, including Defendants' intent, knowledge, and pattern of misconduct, are properly resolved by a jury of Plaintiff's peers.

WHEREFORE, Plaintiff respectfully requests that the Court:

- Award compensatory damages for financial losses, reputational harm, and emotional distress;

- Award treble damages as authorized under 18 U.S.C. § 1964(c) for civil RICO violations;

- Award statutory relief and remedies under 26 U.S.C. § 7623(d) and 15 U.S.C. § 78u–6(h) for whistleblower retaliation, including reinstatement, back pay, and litigation costs;

- Grant declaratory and injunctive relief to prevent further fraudulent solicitation and retaliation;

- Order a forensic accounting and full disgorgement of funds obtained through fraud and misrepresentation;

- Award Plaintiff pre- and post-judgment interest, costs of this action, and reasonable attorney's fees as authorized by statute or equity;

- And grant such other and further relief as the Court may deem just and proper under Rule 54(c) and applicable law, including any relief supported by the facts as developed through discovery and trial.

## IX. RESERVATION OF RIGHTS

Plaintiff expressly reserves the right to amend this Complaint to conform to the evidence as it develops through discovery or trial. This includes, but is not limited to, modifying the causes of action, adding new parties or claims, and adjusting the amount and categories of damages sought. Such amendments shall be permitted under Federal Rule of Civil Procedure 15, which allows for liberal amendment of pleadings when justice so requires.

## X. RELIEF UNDER RULE 60(b)

To the extent necessary, Plaintiff expressly reserves the right to seek relief from any judgment or adverse ruling under Federal Rule of Civil Procedure 60(b), including but not limited to circumstances involving newly discovered evidence, fraud, misrepresentation, or other misconduct by Defendants or their representatives that could not have been reasonably discovered earlier. This reservation is made to preserve Plaintiff's rights given the ongoing concealment, retaliatory conduct, and efforts to suppress material information related to the claims alleged herein.

Respectfully submitted,

_____
Mark Logsdon
mark@rosemarkrisk.com
682-478-9903
Pro Se Plaintiff

3505 Brees Street
Plano, TX 75075

JS 44 (Rev. 04/21)(TXND 4/21)     CIVIL COVER SHEET     3-25CV1324-K

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Mark Logsdon

### DEFENDANTS
See attached list

**(b)** County of Residence of First Listed Plaintiff: **Collin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

RECEIVED MAY 28 2025

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | [X] 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
|  |  | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION |  | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1962(c) – Civil RICO based on wire/mail fraud and whistleblower retaliation under 15 U.S.C. § 78u–6(h) and 26 U.S.C. § 7623(d)
Brief description of cause:
Civil RICO action alleging fraud through a fictitious charitable enterprise, including wire and mail fraud, misuse of funds, and retaliation against whis

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ **$2,250,000**

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: None Assigned
DOCKET NUMBER: Not A Federal Case

DATE: **5/28/25**
SIGNATURE OF ATTORNEY OF RECORD
Mark Logsdon v. Michael Sterlacci, et al., pending in Dallas County District Court, asserting distinct state-law claims

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## Attachment to Civil Cover Sheet (JS-44)

Full List of Defendants in the Case of Mark Logsdon v. Sterlacci, et al.:

1. Michael T. Sterlacci

2. Heidi Sterlacci

3. Samantha Sterlacci

4. Christopher Sterlacci

5. John Sutter

6. William Bracken

7. Rhonda Cox

8. Garrett Cooper (resident of a different state)

9. CoVerica Agency Alliance, LLC (Texas limited liability company)

10. CoVerica Cares, Inc. (Texas corporation)